**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

EMERSON LESLIE,

    Petitioner,

vs.

D. W. NEVEN, et al.,

    Respondents.

Case No. 2:13-cv-01989-APG-VCF

**ORDER**

    Petitioner, who is a prisoner in the custody of the Nevada Department of Corrections, has submitted an application to proceed *in forma pauperis* (Dkt. #1). The application is moot because petitioner has paid the filing fee.

    Petitioner also has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss two grounds for relief. The court will serve the petition upon respondents for a response to the remaining grounds for relief.

    After a jury trial in state district court, petitioner was convicted of battery with substantial bodily harm and assault on a police officer. The state district court determined that petitioner was a habitual criminal pursuant to Nev. Rev. Stat. 207.010(1)(a). Petitioner appealed. After entry of the judgment of conviction, petitioner filed a motion to correct an illegal sentence. The state district court denied that motion, and petitioner appealed the denial. The Nevada Supreme Court consolidated the appeals. It affirmed the judgment of conviction and the denial of the illegal-sentence motion.

Petitioner then filed in state district court a post-conviction habeas corpus petition. The state district court denied the petition. Petitioner appealed, and the Nevada Supreme Court affirmed.

Ground 4 of the current federal petition is a claim that the search of a motel room near the location of the battery incident violated the Fourth Amendment. Petitioner also claims that his efforts to cure the issue in the state courts have not been successful. The Nevada Supreme Court's direct-appeal order, which petitioner has attached to his petition, and petitioner's own allegations show that not only did he have a full and fair opportunity to litigate his Fourth Amendment issues in state court, he actually did litigate those issues. Consequently, ground 4 is not addressable in federal habeas corpus. *Stone v. Powell*, 428 U.S. 465 (1976). Petitioner was unsuccessful in his litigation, but *Stone v. Powell* does not require a particular outcome to the litigation. The court dismisses ground 4.

In ground 7 of the current federal petition, petitioner claims that the state district court erred when it denied his motion to correct an illegal sentence and when the Nevada Supreme Court issued an advisory opinion to the state district court on the latter court's ability to grant a motion to modify or to correct an illegal sentence. Errors in the state post-conviction proceedings are not addressable in federal habeas corpus. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989). The underlying issue in ground 7 is the validity of the adjudication of petitioner as a habitual criminal. The court will not construe ground 7 to address that underlying issue, because that would make ground 7 redundant to grounds 2 and 3. The court will dismiss ground 7.

Petitioner has submitted a motion for appointment of counsel (Dkt. #2). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not

separate from the underlying claims, but are intrinsically enmeshed with them. *Weygandt*, 718 F.2d at 954.  After reviewing the petition, the court finds that appointment of counsel is not warranted.

**IT IS THEREFORE ORDERED** that the application to proceed *in forma pauperis* (Dkt. #1) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**IT IS FURTHER ORDERED** that grounds 4 and 7 of the petition are **DISMISSED**.

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (Dkt. #2) is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

**IT IS FURTHER ORDERED** that the clerk shall electronically serve upon respondents a copy of the petition and this order.  In addition, the clerk shall return to petitioner a copy of the petition.

**IT IS FURTHER ORDERED** that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition.  If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

**IT IS FURTHER ORDERED** that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment.  The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

**IT IS FURTHER ORDERED** that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the

1  document was mailed to the respondents or counsel for the respondents.  The court may disregard
2  any paper received by a district judge or magistrate judge that has not been filed with the clerk, and
3  any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate
4  of service.

   Dated: June 4, 2014.

                                             _____
                                             ANDREW P. GORDON
                                             United States District Judge