1

2

3

4

5

6        **UNITED STATES DISTRICT COURT**

7        **DISTRICT OF NEVADA**

8

9   EMERSON LESLIE,

10       Petitioner,                 Case No. 2:13-cv-01989-APG-VCF

11   vs.                            **ORDER**

12   D. W. NEVEN, et al.,

13       Respondents.

14

15        Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

16 (#8), respondents' motion to dismiss (#23), petitioner's opposition (#41), and respondents' reply

17 (#44). The court finds that petitioner has not exhausted all his grounds for relief, and the court

18 grants the motion in part.

19        After a jury trial in state district court, petitioner was convicted of battery causing substantial

20 bodily harm and assault on an officer. Ex. 17 (#24). The state district court adjudicated petitioner

21 as a habitual criminal. Petitioner filed a motion to correct an illegal sentence. Ex. 25 (#24). The

22 state district court denied the motion. Ex. 31 (#25). Petitioner appealed both the judgment of

23 conviction and the denial of the illegal-sentence motion. The Nevada Supreme Court consolidated

24 the appeals, and it affirmed the state district court. Ex. 41 (#25).

25        Petitioner then filed a proper-person post-conviction habeas corpus petition in state district

26 court. Ex. 47 (#25). The state district court appointed counsel, who filed a supplemental petition.

27 Ex. 54 (#25). The state district court denied the petition. Ex. 63 (#26). Petitioner appealed.

28 Petitioner then filed a proper-person motion in the Nevada Supreme Court to discharge his

1    appointed counsel.  Ex. 72 (#26).  The Nevada Supreme Court granted the motion and treated the

2    appeal as if it were a proper-person appeal, reviewing the record on its own without briefing.  Ex. 73

3    (#27).  The Nevada Supreme Court then affirmed the denial of the petition.  Ex. 74 (#28).

4         Petitioner then filed in this court his petition for a writ of habeas corpus pursuant to 28

5    U.S.C. § 2254 (#8).  The court dismissed grounds 4 and 7.  Respondents' motion to dismiss

6    followed.

7         Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must

8    exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a ground for relief, a

9    petitioner must fairly present that ground to the state's highest court, describing the operative facts

10   and legal theory, and give that court the opportunity to address and resolve the ground.  See Duncan

11   v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).

12        "[A] petitioner for habeas corpus relief under 28 U.S.C. § 2254 exhausts available state

13   remedies only if he characterized the claims he raised in state proceedings specifically as federal

14   claims.  In short, the petitioner must have either referenced specific provisions of the federal

15   constitution or statutes or cited to federal case law."  Lyons v. Crawford, 232 F.3d 666, 670 (9th Cir.

16   2000) (emphasis in original), amended, 247 F.3d 904 (9th Cir. 2001).  Citation to state case law that

17   applies federal constitutional principles will also suffice.  Peterson v. Lampert, 319 F.3d 1153, 1158

18   (9th Cir. 2003) (en banc).  "The mere similarity between a claim of state and federal error is

19   insufficient to establish exhaustion.  Moreover, general appeals to broad constitutional principles,

20   such as due process, equal protection, and the right to a fair trial, are insufficient to establish

21   exhaustion."  Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citations omitted).

22        Petitioner has divided his grounds for relief into paragraphs designated by letters.

23   Respondents, in their motion to dismiss, have designated individual claims in each ground by

24   letters.  The court will use petitioner's designations.

25        In ground 1(B), petitioner claims that he received ineffective assistance of trial counsel

26   because trial counsel did not subject the prosecution's case to a meaningful test, as required by

27   United States v. Cronic, 466 U.S. 648 (1984).  In his state habeas corpus petition, petitioner made

28   similar claims in ground 1, regarding counsel's activities pre-trial, and ground 3, regarding

1    counsel's activities for sentencing.  Petitioner did not make a <u>Cronic</u> claim in his state habeas corpus

2    petition regarding counsel's activities at trial.  This part of ground 1(B) is unexhausted.

3        Next in ground 1(B), petitioner claims that trial counsel provided ineffective assistance

4    because trial counsel did not advise petitioner about testifying and did not prepare petitioner to

5    testify.  Petitioner raised the same claim in his state habeas corpus petition.  Ex. 47 at 9 ll. 4-12

6    (#25).  This part of ground 1(B) is exhausted.

7        In ground 1(F), petitioner claims that trial counsel failed to file motions.  Petitioner does not

8    specify what motions in his federal habeas corpus petition, but he did specify the motions in his

9    state habeas corpus petition.  The parties agree that petitioner claimed in state court that counsel

10   should have filed a motion to dismiss based on the lack of evidence, a motion to suppress evidence

11   and identification based upon an illegal search of a hotel room, and a motion to sever the counts.

12   Petitioner does not argue that this part of ground 1(F) includes any other motions.  With that

13   limitation in mind, this part of ground 1(F) is exhausted.

14       Also in ground 1(F), petitioner alleges that there was a complete breakdown in

15   communications between him and trial counsel.  Respondents argue that this part of ground 1(F) is

16   unexhausted, and petitioner counters that the actual claim is that trial counsel had a conflict of

17   interest, which is exhausted.  The court concludes that there is no claim that counsel provided

18   ineffective assistance because of a breakdown in communications.  Consequently, when an answer

19   is necessary, respondents need not answer this part of ground 1(F).

20       Ground 1(G) is a claim of cumulative error of ineffective assistance of counsel.  To the

21   extent that ground 1(B) contains unexhausted claims, ground 1(G) is unexhausted.

22       Ground 2 concerns the adjudication of petitioner as a habitual criminal.  Ground 2(A)

23   contains three parts.  First, petitioner claims that trial counsel failed to investigate petitioner's prior

24   criminal history.  Second, petitioner claims that the prosecution sought adjudication of petitioner as

25   a habitual criminal without providing a judgment of conviction from a California case.  Third,

26   petitioner claims that the trial court relied on materially untrue facts when adjudicating petitioner as

27   a habitual criminal.  In ground 2(B), petitioner claims that the prosecution violated the Due Process

28   Clause of the Fourteenth Amendment when it did not provide a judgment of conviction in the prior

1   California case, as required by state law.  In the argument over this ground, petitioner asserts that

2   ground 2(A) does not contain three separate claims, but is a claim of cumulative error for the three

3   reasons stated.  Petitioner has never presented such a claim to the Nevada Supreme Court, and it is

4   unexhausted.  Respondents argue that the court should dismiss ground 2(B) because it is a claim of

5   a violation of a state law, but the state law in question enhances a sentence.  If the prosecution did

6   not satisfy all the elements of the habitual-criminal enhancement, then the Due Process Clause was

7   violated.  See In re Winship, 397 U.S. 358 (1970).  The court will not dismiss ground 2(B).

8          Ground 3 is a claim that petitioner is actually innocent of the habitual-criminal enhancement

9   because the prosecution did not prove the requisite number of felonies.  Respondents argue that

10   ground 3 is unexhausted, but petitioner did raise the same claim in ground 5 of his proper-person

11   state habeas corpus petition.  See Ex. 47 at 14-15 (#25).  However, the court agrees with

12   respondents that the claim is redundant with ground 2(B), and the court will dismiss ground 3 for

13   that reason.

14          Ground 5 is a claim of error when the jury was shown a photograph of petitioner that was a

15   booking photograph.  Respondents argue correctly that petitioner never presented this on direct

16   appeal as a claim that federal law was violated.  See Ex. 33 at 12-13 (#25).  Petitioner's argument

17   that he raised the claim as a violation of federal law in his motion to discharge counsel, petition for

18   rehearing, and petition for reconsideration en banc is not persuasive, because these were not

19   procedurally correct methods to raise a new ground for relief.  "Submitting a new claim to the

20   state's highest court in a procedural context in which its merits will not be considered absent special

21   circumstances does not constitute fair presentation."  Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir.

22   1994) (citing Castille v. Peoples, 489 U.S. 346, 351 (1989)).  Ground 5 is unexhausted.

23          Ground 6 is a claim that the admission of a videotape showing petitioner beating the victim

24   was error because the videotape was not authenticated.  Respondents correctly argue that petitioner

25   never presented this on direct appeal as a claim that federal law was violated.  See Ex. 33 at 15-17

26   (#25).  Petitioner did cite two decisions of federal courts of appeals Ninth Circuit in his appellate

27   brief, United States v. Henderson, 241 F.3d 638 (9th Cir. 2000), and United States v. Jackman, 48

28   F.3d 1 (1st Cir. 1995).  However, to the extent that those two decisions were relevant to petitioner's

1  case, the courts of appeals acted in their supervisory capacities, reviewing judgments of conviction

2  in federal criminal prosecutions, and not ruling on issues of constitutional law.  Ground 6 is

3  unexhausted.

4          Petitioner has filed a motion for summary judgment (#34).  The court denies this motion

5  because it has not yet directed respondents to file an answer, and petitioner will need to decide what

6  to do with his unexhausted grounds.

7          Petitioner has filed a motion for an order denying the motion to dismiss (#42).  This is the

8  same document as his opposition (#41).  The court denies this motion because it is granting in part

9  respondents' motion to dismiss (#23).

10          The petition (#8) is mixed, containing both claims exhausted in state court and claims not

11  exhausted in state court, and it is subject to dismissal.  See Rose v. Lundy, 455 U.S. 509, 521-22

12  (1982); Szeto v. Rushen, 709 F.2d 1340, 1341 (9th Cir. 1983).  Petitioner may voluntarily dismiss

13  the unexhausted part of ground 1(B), part of ground 1(G), ground 2(A), ground 5, and ground 6 and

14  proceed with the remaining grounds, he may voluntarily dismiss this action without prejudice while

15  he returns to state court to exhaust those unexhausted grounds, or he may move to stay this action

16  while he returns to state court to exhaust the unexhausted grounds.  If petitioner chooses the second

17  option, the court makes no assurances about the timeliness of a subsequently filed federal habeas

18  corpus petition.  If petitioner chooses the last option, he must show that he has "good cause for his

19  failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that

20  the petitioner engaged in intentionally dilatory litigation tactics."  Rhines v. Weber, 544 U.S. 269,

21  278 (2005).  If petitioner chooses the last option, he also will need to designate an alternative choice

22  in case the court declines to stay the action.  Otherwise, the court will dismiss the action.

23          IT IS THEREFORE ORDERED that respondents' motion to dismiss (#23) is **GRANTED** in

24  part.

25          IT IS FURTHER ORDERED that ground 3 is **DISMISSED**.

26          IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry

27  of this order to do one of the following:  (1) inform this court in a sworn declaration that he wishes

28  to dismiss the unexhausted grounds of his petition (#8), as described above, and proceed only on the

1  remaining grounds for relief, (2) inform this court in a sworn declaration that he wishes to dismiss

2  his petition (#8) to return to state court to exhaust his state remedies with respect to the claims set

3  out in the unexhausted grounds of his petition (#8), or (3) move to stay this action while he returns

4  to state court to exhaust his state remedies with respect to the claims set out in the unexhausted

5  grounds of his petition (#8).  Failure to comply will result in the dismissal of this action.

6        IT IS FURTHER ORDERED that if petitioner elects to dismiss the aforementioned grounds

7  of his petition (#8) and proceed on the remaining grounds, respondents shall file and serve an

8  answer or other response to the remaining grounds within forty-five (45) days after petitioner serves

9  his declaration dismissing those grounds.  If respondents file and serve an answer, it shall comply

10  with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

11        IT IS FURTHER ORDERED that if respondents file and serve an answer, petitioner shall

12  have forty-five (45) days from the date on which the answer is served to file and serve a reply.

13        IT IS FURTHER ORDERED that petitioner's motion for summary judgment (#34) is

14  **DENIED**.

15        IT IS FURTHER ORDERED that petitioner's motion for an order denying the motion to

16  dismiss (#42) is **DENIED**.

17        DATED: *April 20, 2015*

18

19

20                          ANDREW P. GORDON
                        United States District Judge

21

22

23

24

25

26

27

28