# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EMERSON LESLIE,

    Petitioner,

vs.

D. W. NEVEN, et al.,

    Respondents.

Case No. 2:13-cv-01989-APG-VCF

**ORDER**

Before the court are the petition for a writ of habeas corpus (ECF No. 8), respondents' answer (ECF No. 50), and petitioner's reply (ECF No. 51). The court finds that petitioner is not entitled to relief, and the court denies the petition.

Outside of a hotel in downtown Las Vegas, petitioner beat up a man, knocking him out and seriously injuring him. A security camera recorded the beating. The hotel manager viewed the videotape and identified petitioner as the attacker. When police arrested petitioner, he fought back. Petitioner was convicted of battery causing substantial bodily harm and assault upon an officer, respectively. Petitioner had two prior felony convictions, and the state district court sentenced him as a habitual criminal under Nev. Rev. Stat. § 207.010. Ex. 21 (ECF No. 24-24).

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

<u>Richter</u>, 562 U.S. at 100. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" <u>Id.</u> (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." <u>Id.</u> (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

<u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

<u>Richter</u>, 562 U.S. at 102.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

<u>Id.</u> at 103.

Ground 1 contains multiple claims of ineffective assistance of counsel.  A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," <u>id.</u> at 694.  "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." <u>Id.</u> at 697.

The Sixth Amendment does not guarantee effective counsel <u>per se</u>, but rather a fair proceeding with a reliable outcome.  See <u>Strickland</u>, 466 U.S. at 691-92.  <u>See also</u> <u>Jennings v.</u>

-2-

1    <u>Woodford</u>, 290 F.3d 1006, 1012 (9th Cir. 2002).  Consequently, a demonstration that counsel fell

2    below an objective standard of reasonableness alone is insufficient to warrant a finding of

3    ineffective assistance.  The petitioner must also show that the attorney's sub-par performance

4    prejudiced the defense.  <u>Strickland</u>, 466 U.S. at 691-92.  There must be a reasonable probability

5    that, but for the attorney's challenged conduct, the result of the proceeding in question would have

6    been different.  <u>Id.</u> at 694.  "A reasonable probability is a probability sufficient to undermine

7    confidence in the outcome."  <u>Id.</u>

8         Establishing that a state court's application of <u>Strickland</u> was unreasonable under § 2254(d)
          is all the more difficult.  The standards created by <u>Strickland</u> and § 2254(d) are both "highly
9         deferential," . . . and when the two apply in tandem, review is "doubly" so . . . .  The
          <u>Strickland</u> standard is a general one, so the range of reasonable applications is substantial.
10        Federal habeas courts must guard against the danger of equating unreasonableness under
          <u>Strickland</u> with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is
11        not whether counsel's actions were reasonable.  The question is whether there is any
          reasonable argument that counsel satisfied <u>Strickland's</u> deferential standard.

12

13   <u>Harrington v. Richter</u>, 562 U.S. 86, 105 (2011) (citations omitted).

14        Ground 1(A) itself contains multiple claims of ineffective assistance of counsel.  First,

15   petitioner claims that counsel failed to investigate three people.  On this issue, the Nevada Supreme

16   Court held:

17        Fourth, appellant claimed that trial counsel was ineffective for failing to interview (1) T.
          Purifoy to determine if she actually consented to a search of her motel room where
18        appellant's identification was obtained; (2) appellant's girlfriend, who would have
          impeached the victim and testified that appellant acted in self-defense to the assault charge;
19        and (3) the victim, which would have helped counsel determine how to question him at trial.
          Appellant failed to demonstrate that counsel's performance was deficient or that he was
20        prejudiced.  Trial counsel testified during the evidentiary hearing that he attempted, but was
          unable, to contact T. Purifoy before trial.  Thus, appellant failed to demonstrate that
21        counsel's performance was deficient.  Furthermore, appellant failed to demonstrate
          prejudice, as there is no support in the record for his speculative assertion that T. Purifoy
22        might not have consented to the search of her motel room.  Counsel also testified that he did
          not learn that appellant's girlfriend was a percipient witness until trial, at which point he
23        unsuccessfully attempted to endorse her as a witness.  Because appellant did not inform
          counsel before trial that his girlfriend was a witness and wished to testify, counsel was not
24        deficient for failing to interview her.  As to his claim regarding the victim, appellant failed
          to explain how a pretrial interview of the victim would have had a reasonable probability of
25        changing the outcome of the trial.  Thus, the district court did not err in denying this claim.

26   Ex. 74, at 4-5 (ECF No. 28-1, at 5-6).  Counsel did testify that he was unable to locate Purifoy.  Ex.

27   57, at 30 (ECF No. 25-33, at 31).  The court will discuss in greater detail below, regarding ground

28   8, the trial court's decision not to allow petitioner's girlfriend to testify.  It is sufficient to note now

1   that petitioner did not inform counsel that his girlfriend would be a useful witness until the end of

2   the first day of trial.  Finally, even now petitioner has not alleged any facts showing a reasonable

3   probability that the outcome of the trial would have been different had counsel investigated the

4   victim.

5        Second and third, petitioner claims that trial counsel failed to lodge objections at the

6   preliminary hearing and to subject the state's case to adversarial testing at the preliminary hearing.

7   On these issues, the Nevada Supreme Court held:

8        First, appellant claimed that trial counsel was ineffective during the preliminary hearing
         because counsel failed to present a defense, failed to object to the State's version of events,
9        and admitted that there was sufficient evidence as to two of the charges.  Appellant failed to
         demonstrate that counsel's performance was deficient or that he was prejudiced.  Counsel
10       made objections and tested the State's case by cross-examining the witnesses about the
         charges.  Appellant failed to identify other objections that counsel should have made or how
11       further objections or actions by counsel would have changed the outcome of the
         proceedings. . . .  While counsel did concede that there was probable cause as to the charges
12       of battery of an officer and assault of an officer, appellant failed to demonstrate that he was
         prejudiced.  The district court dismissed the battery-of-an-officer charge, and the testimony
13       of two police officers regarding appellant's resistance during arrest provided probable cause
         to bind him over on the assault-of-an-officer charge.  Therefore, the district court did not err
14       in denying this claim.

15
16   Ex. 74, at 2-3 (ECF No. 28-1, at 3-4) (citation omitted).  The jury's verdict of guilt makes harmless

17   any constitutional error in the preliminary hearing.  See United States v. Mechanik, 475 U.S. 66, 70

18   (1986).  See also Williams v. Stewart, 441 F.3d 1030, 1042 (9th Cir. 2006).  Therefore, petitioner

19   could not have suffered any prejudice.

20       Fourth, petitioner claims that counsel infringed on petitioner's statutory right to a speedy

21   trial by filing a pre-trial habeas corpus petition.  On this issue, the Nevada Supreme Court held:

22       Second, appellant claimed that trial counsel was ineffective for filing a pretrial petition for a
         writ of habeas corpus because it forced appellant to forfeit his right to a speedy trial.
23       Appellant failed to demonstrate that counsel's performance was deficient or that he was
         prejudiced.  Appellant initially asserted his right to a speedy trial, but after discussing the
24       issue with the district court, he agreed to waive his right to a speedy trial so that counsel
         could challenge the charges in a pretrial petition for a writ of habeas corpus.  In light of
25       appellant's voluntary waiver, appellant failed to demonstrate that counsel acted
         unreasonably in filing a pretrial habeas petition.  Furthermore, appellant did not demonstrate
26       a reasonable probability of a different outcome at trial had counsel not filed a pretrial habeas
         petition.  Accordingly, the district court did not err in denying this claim.

27
28
                                              -4-

1    Ex. 74, at 3 (ECF No. 28-1, at 4).  Petitioner was not happy about it, but he did personally waive his

2    statutory 60-day speedy-trial right to let counsel file a pre-trial petition for a writ of habeas corpus.

3    Ex. 7, at 3 (ECF No. 24-10, at 4).  The Nevada Supreme Court reasonably could have determined

4    that counsel did not provide ineffective assistance.

5           Ground 1(B) contains multiple claims of ineffective assistance of counsel.  First, petitioner

6    claims that counsel failed to investigate the facts of the trial.  This corresponds to a claim that the

7    court already has rejected in ground 1(A).

8           Second, petitioner claims that counsel failed to subject the case to adversarial testing.  This

9    claim has been dismissed because it is unexhausted.  ECF No. 46.

10          Third, petitioner claims that counsel failed to prepare for trial, interview, and endorse as a

11   witness Hasina Craddock, petitioner's girlfriend.  This corresponds to a claim that the court already

12   has rejected in ground 1(A).

13          Fourth, petitioner claims that counsel failed to object to numerous leading questions that the

14   prosecutor asked of the victim.  On this issue, the Nevada Supreme Court held:

15          Seventh, appellant claimed that trial counsel was ineffective for failing to object to the
            State's numerous leading questions during the victim's testimony.  Appellant failed to
16          demonstrate that objections by counsel would have had a reasonable probability of changing
            the outcome of the trial, particularly given that the battery of the victim was captured on
17          video and the victim and the hotel manager, both of whom were familiar with appellant,
            identified appellant as the attacker.  Therefore, the district court did not err in denying this
18          claim.

19   Ex. 74, at 6 (ECF No. 28-1, at 7).  Given the evidence produced at trial, the Nevada Supreme Court

20   reasonably could have concluded that petitioner had not shown prejudice.

21          Fifth, petitioner claims that counsel failed to prepare petitioner to testify.  The trial court

22   advised petitioner about his right to testify.  Ex. 14, at 168-70 (ECF No. 24-17, at 44-45).  After the

23   trial court learned that petitioner had a previous felony conviction, the trial court advised petitioner

24   that he might be asked on cross-examination about that conviction.  Ex. 16, at 5-6 (ECF No. 24-19,

25   at 3-4).  Petitioner consulted with his attorney.  He decided not to testify.  Ex. 16, at 10-11 (ECF

26   No. 24-19, at 5).  Petitioner does not allege how he would have testified if counsel had prepared

27   him for testimony.  Petitioner also does not allege a reasonable probability of a different result at

28   trial had he testified, which is important given the evidence against him.  The Nevada Supreme

1    Court reasonably could have concluded that petitioner had failed to demonstrate ineffective

2    assistance of counsel.

3         In ground 1(C), petitioner claims that counsel failed to object to admission of the videotape.

4    On this issue, the Nevada Supreme Court held:

5         Tenth, appellant claimed that trial counsel was ineffective for failing to object to the video
          evidence for lack of authentication.  Appellant failed to demonstrate prejudice, as he has
6         failed to support his claim with specific facts. . . .  Neither the record nor appellant's factual
          allegations indicate any issues with the authenticity of the video.  Therefore, appellant failed
7         to demonstrate a reasonable probability that, had counsel objected to the authentication of
          the video, the outcome of the trial would have been different.  Accordingly, the district court
8         did not err in denying this claim.

9    Ex. 74, at 7 (ECF No. 28-1, at 8) (citation omitted).  The hotel manager testified about the security

10   cameras and the recording equipment.  He also testified that he watched a video recorded on that

11   equipment, showing petitioner attacking the victim.  Ex. 14, at 112-23 (ECF No. 24-17, at 30-33).

12   Based upon that, the Nevada Supreme Court reasonably could have concluded that there were no

13   issues with the authenticity of the video and that petitioner had failed to demonstrate prejudice.

14        In ground 1(D), petitioner claims that counsel failed to object to admission of a booking

15   photograph of petitioner.  On this issue, the Nevada Supreme Court held:

16        Ninth, appellant claimed that trial counsel was ineffective for failing to object to the display
          of a prior booking photograph, which revealed to the jury that he had criminal history.
17        Appellant failed to demonstrate prejudice.  At trial, an officer testified that, once he
          discovered appellant's identification at the motel, he entered appellant's information in
18        "Crime Web" and obtained a photograph of appellant, which he then compared to the
          attacker in the video.  It appears that this testimony and photograph were improper
19        references to appellant's prior criminal activity, . . . and counsel should have objected.
          Nevertheless, we conclude that the references were not prejudicial given the overwhelming
20        evidence of appellant's guilt.  Therefore, the district court did not err in denying this claim.

21   Ex. 74, at 6-7 (ECF No. 28-1, at 7-8) (citation omitted).  The Nevada Supreme Court was correct

22   that the evidence against petitioner was overwhelming.  Its conclusion that petitioner suffered no

23   prejudice is a reasonable application of Strickland.

24        In ground 1(E), petitioner claims that counsel was ineffective at sentencing because counsel

25   conceded that petitioner had prior felony convictions.  On this issue, the Nevada Supreme Court

26   held:

27        Twelfth, appellant claimed that trial counsel was ineffective for conceding that appellant had
          prior felony convictions without sufficient proof submitted by the State.  Specifically,
28        appellant asserted that counsel should have objected to the use of a conviction from

California to adjudicate him a habitual criminal because the State presented only court minutes of that conviction and not a certified judgment of conviction.  Appellant failed to demonstrate that counsel's performance was deficient or that he was prejudiced.  This court previously rejected appellant's underlying argument on appeal from the denial of a motion to correct an illegal sentence, and concluded that the State sufficiently proved appellant's prior felony convictions at the time of sentencing. . . .  Thus, appellant failed to demonstrate that an objection by counsel had a reasonable probability of changing the outcome of the sentencing hearing.  Appellant also claimed that counsel failed to inform him that the State had filed notice of intent to seek habitual criminal treatment, but appellant did not provide any explanation as to how he was prejudiced. . . .  Accordingly, the district court did not err in denying these claims.

Ex. 74, at 8-9 (ECF No. 28-1, at 9-10) (citations omitted).  The court discusses below in ground 2(B) the litigation on petitioner's prior conviction in California.  It is sufficient to note that the Nevada Supreme Court applied <u>Strickland</u> reasonably in determining that petitioner had not demonstrated prejudice, based upon that litigation.

Ground 1(F) contains four claims of ineffective assistance of counsel.  First, petitioner claims that communication broke down between petitioner and counsel.  This part of ground 1(F) has been dismissed as unexhausted.  ECF No. 46.

Second, petitioner claims that counsel violated petitioner's right to a speedy trial.  This claim is redundant to the claim in ground 1(A), discussed above.

Third, petitioner claims that counsel failed to file a motion to dismiss and a motion to suppress an identification of petitioner.  The record belies this claim.  Counsel filed a pre-trial habeas corpus petition seeking dismissal of charges for lack of evidence.  Ex. 8 (ECF No. 24-11).  Counsel filed a motion to suppress an identification of petitioner.  Ex. 11 (ECF No. 24-14).  Counsel did not give ineffective assistance, because counsel did what petitioner claims that counsel should have done.

Fourth, petitioner claims that counsel should have filed a motion to sever.  On this issue, the Nevada Supreme Court held:

Sixth, appellant claimed that trial counsel was ineffective for failing to sever the charges of attempted murder and battery with substantial bodily harm from the charge of assault on an officer.  Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced.  The offenses were properly joined because the assault, which occurred while officers were arresting appellant for attempted murder and battery of the victim, was relevant to prove appellant's identity in the attempted murder and battery offenses, and evidence of the attempted murder and battery was relevant to explain appellant's conduct during his arrest.  Thus, evidence of the offenses was cross-admissible

1

2

> to prove appellant's identity as the attacker and his consciousness of guilt when he attempted to flee from the police. . . .  Accordingly, any motion to sever the charges would have been unsuccessful, and counsel cannot be ineffective for failing to file a futile motion. . . .  Therefore, the district court did not err in denying this claim.

3

4  Ex. 74, at 5-6 (ECF No. 28-1, at 6-7) (citations omitted).  Given that petitioner could not

5  demonstrate that a motion to sever the charges would have been granted, the Nevada Supreme

6  Court reasonably applied <u>Strickland</u> in its determination that the lack of a motion to sever was not

7  ineffective assistance of counsel.

8  Ground 1(G) is a claim of cumulative error of ineffective assistance of counsel.  Having

9  found no error, the Nevada Supreme Court reasonably could have concluded that there was no

10  cumulative error.

11  Reasonable jurists would not find the court's conclusions on ground 1 to be debatable or

12  wrong, and the court will not issue a certificate of appealability for ground 1.

13  Ground 2(A) was dismissed because it was not exhausted.  ECF No. 46.

14  In ground 2(B), petitioner claims that the prosecution failed to present a certified judgment

15  of conviction of a California case in support of the argument for habitual-criminal adjudication.  On

16  this issue, the Nevada Supreme Court held:

17

18

> Emerson contends that the district court erred by adjudicating him a habitual criminal because the documents submitted by the State did not prove that his California conviction was for a felony or that he was formally adjudicated.  This contention lacks merit because the documents submitted by the State demonstrate that Emerson was convicted of a felony in California.  And we note that neither Emerson nor his counsel challenged the California conviction at sentencing, and defense counsel conceded that Emerson "qualified numerically" for habitual criminal treatment.  Accordingly, we conclude that the district court did not err in this regard.

19

20

21

22  Ex. 41, at 8-8 (ECF No. 25-15, at 8-9).  Respondents are correct that the statute provides that a

23  certified copy of a judgment of conviction is prima facie evidence of a prior conviction, but that is

24  not the only allowable evidence of a prior conviction. Nev. Rev. Stat. § 207.016(5).  The law left

25  open the possibility that a state might not use a written judgment of conviction.  The prosecution

26  provided documents from a California state court showing that petitioner was convicted of a felony.

27  Ex. 29 (ECF No. 24-32).  The Nevada Supreme Court reasonably could have concluded that

28  petitioner qualified for habitual criminal treatment.

1    Reasonable jurists would not find the court's conclusions on ground 2 to be debatable or

2  wrong, and the court will not issue a certificate of appealability for ground 2.

3    The court dismissed ground 3 because it was redundant to ground 2(B).  ECF No. 46.

4    On screening, the court dismissed ground 4 because it was a claim that the police had

5  violated the Fourth Amendment, and petitioner had a full and fair opportunity to litigate the claim in

6  state court.  ECF No. 7.  Reasonable jurists would not find this conclusion to be debatable or wrong,

7  and the court will not issue a certificate of appealability for ground 4.

8    The court dismissed grounds 5 and 6 because they were not exhausted.  ECF No. 46.

9  Reasonable jurists would not find this conclusion to be debatable or wrong, and the court will not

10  issue a certificate of appealability for grounds 5 and 6.

11    The court dismissed ground 7 because it alleged error in state-court post-conviction

12  proceedings, which is not addressable in federal habeas corpus.  ECF No. 7.  Reasonable jurists

13  would not find this conclusion to be debatable or wrong, and the court will not issue a certificate of

14  appealability for ground 7.

15    Ground 8 is a claim that the trial court violated petitioner's rights to a fair trial and due

16  process, because the trial court refused to allow Hasina Craddock, a witness endorsed late, to

17  testify.[1]  On this issue, the Nevada Supreme Court held:

18    Emerson contends that the district court erred by denying his request to call a late-endorsed
19    witness to testify on his behalf and thereby denying him his constitutional right to call
      witnesses in his own defense. . . .  We review "a district court's decision to allow an
20    unendorsed witness to testify for abuse of discretion." . . .

21    In order to protect a defendant's constitutional rights, a strong presumption exists in favor of
      allowing late-disclosed witnesses to testify. . . .  However, the right to present testimony is
22    not absolute and must be balanced against "countervailing public interests." . . .

23    Emerson concedes that the witness was not timely endorsed, . . . although Emerson almost
      certainly knew that the witness, his girlfriend, was an eyewitness. . . .  Further, Emerson did
24    not inform his counsel that the witness wanted to testify until listening to the testimony of
      almost all of the State's witnesses. . . .  And, the record does not indicate that the State
25    anticipated the witness; thus, her testimony would have resulted in unfair surprise to the
      State. . . .  Under these circumstances, we conclude that the district court did not abuse its
26    discretion by prohibiting Emerson's late-endorsed witness from testifying. . . .  Moreover,

27  _____

28    [1]Petitioner also mentions the Equal Protection Clause of the Fourteenth Amendment, but the
    ground contains no claims that he was treated differently than other similarly situated people.

1  even if the district court erred by excluding the testimony, we conclude that any error was
2  harmless. . . .

3  Ex. 41, at 2-4 (ECF No. 25-15, at 3-5) (citations omitted).  The Nevada Supreme Court identified

4  the governing federal law on the subject, <u>Taylor v. Illinois</u>, 484 U.S. 400 (1988).  Although a

5  defendant has a right to compulsory process, the trial court may preclude a witness from testifying

6  as a sanction for violating a discovery rule.  <u>Id.</u> at 410-16.  The Nevada Supreme Court accurately

7  summarized what happened at the end of the first day of trial and the start of the second day of trial.

8  <u>See</u> Ex. 14, at 194-95 (ECF No. 24-17, at 51), Ex. 16, at 7-9 (ECF No. 24-19, at 4).  This occurred

9  not because defense counsel was deliberately not complying with the discovery rules, but because

10  petitioner himself did not inform defense counsel about the witness until after the witness had

11  watched the prosecution's witnesses testify.  Petitioner was not candid with his own attorney.  The

12  Nevada Supreme Court reasonably concluded under <u>Taylor</u> that preclusion of Craddock's testimony

13  was an acceptable sanction.

14  Reasonable jurists would not find this conclusion to be debatable or wrong, and the court

15  will not issue a certificate of appealability for ground 8.

16  IT IS THEREFORE ORDERED that the petition for a writ of habeas corpus (ECF No. 8) is

17  **DENIED**.  The clerk of the court shall enter judgment accordingly and close this action.

18  IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

19  Dated: March 31, 2017.

22  ANDREW P. GORDON
United States District Judge

-10-